**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 05-6222

———————————

NATHANIEL GLENN, JR.,

Plaintiff - Appellant,

versus

CANNON, Investigator; CHRISTIAN BROCK; CHRIS
MARCHI,

Defendants - Appellees.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  R. Bryan Harwell, District Judge.
(CA-03-1582-6-27)

———————————

Submitted:  July 27, 2005          Decided:  August 3, 2005

———————————

Before KING, GREGORY, and SHEDD, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Nathaniel Glenn, Jr., Appellant Pro Se.  Andrew Todd Darwin,
HOLCOMBE, BOMAR, GUNN & BRADFORD, PA, Spartanburg, South Carolina,
for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Nathaniel Glenn, Jr., seeks to appeal the district court's order granting summary judgment to Defendants in his 42 U.S.C. § 1983 (2000) action. We dismiss the appeal for lack of jurisdiction, because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on December 21, 2004. The notice of appeal was filed on January 25, 2005.[*] Because Glenn failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).